## BRANCATO v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12813. Decided Feb 3, 1933

Martin A. McCormack, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Thomas A. Burke, Ass't Prosecuting Attorney, Cleveland, for defendant in error.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist), sitting.

MAUCK, PJ.

Frank Brancato was indicted, tried and convicted of perjury. This proceeding is brought to reverse that judgment. The nature of the assignments of error will appear as they are severally disposed of.

1. The indictment substantially follows the form prescribed by §13437-6 GC, and was therefore sufficient.

2. The plea in abatement to the effect that the accused was compelled to testify and did so under duress was unsupported by any evidence.

3. The use in evidence of the bullet taken from the defendant's body violated no constitutional right of the defendant. It was in no sense a requirement that the defendant testify against himself. If the officer had done wrong (and he did not) in taking possession of the bullet the competency of the evidence would be unaffected. It is not necessary to distinguish the line of authorities that might loan some encouragement to the view that testimony illegally obtained is inadmissible. We hold that while authority may be found to that effect the common law rule, the Ohio rule, the rule in the majority of states, the rule sanctioned by the text writers and altogether the better rule is that the public in its war with crime is not prevented from showing the truth even if some over-zealous agent of the state has violated his duty

and transgressed some right of the defendant in developing that truth. Some limitations have been placed upon the rule in particular cases by statute but there is no such exception applicable to this case. Jones Commentaries on Evidence, Chap. 22; Prof. Freeman's monograft note to State v Turner, 136 Am. State Rep. 135; 10 R.C.L. 932; Rosanski v State, 106 Oh St 442; Olmstead v United States, 277 U. S. 438; 66 A.L.R. 376.

(4) It is urged that the prosecuting attorney was improperly allowed to comment on the failure of the accused to testify. The only error in that behalf was that the prosecuting attorney was not given the fullest opportunity in that respect. In Patterson v State, 122 Oh St 96 it was held that where an accused person had voluntarily testified fully before the grand jury on all the matters involved in the case, and that testimonuy had been reproduced by the state before the petit jury, the failure of the accused to uselessly repeat his testimony before the petit jury did not create a situation where the trial jury could draw any unfavorable conclusions from his failure to testify. This was no such case. The accused had not testified fully before the grand jury. He had not testified at all with reference to the perjury case. That offense had not yet been consummated and could not have been until he ceased testifying. To illustrate: A witness. testified to seeing the accused in a car, looking for the hospital to which the accused claimed to have walked under circumstances that called upon the defendant for explanation or contradiction. He had never testified in regard to any such episode. When he failed to take the stand in explanation or contradiction of this witness the state was entitled to comment on such failure and the jury ought to have been permitted to consider it. The trial court in taking from the jury all right to consider the failure of the defendant to testify was too generous to the defendant .rather than otherwise. Such comment as the prosecuting attorney made was within his rights.

The other questions, some of them briefed at length, are not raised by timely objections, others are inconsequential.

The weight of the evidence is wholly with the state.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.